J-A26029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD E. TOKARCIK, JR. :
:
Appellant : No. 215 WDA 2025

Appeal from the PCRA Order Entered December 6, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000132-2017

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: December 8, 2025**

Appellant, Richard E. Tokarcik, Jr., appeals *pro se* from the December

6, 2024 order denying his petition filed pursuant to the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A panel of this Court previously summarized the relevant facts and

procedural history of this case as follows:

> On January 6, 2017, Officer [Andrew] Turnbull learned that at
> least two female high school students received sexually explicit
> and "creepy" [Short Message Service (SMS) messages
> (commonly referred to as "text messages")] from someone
> named "Adam" with the [tele]phone number,
> [(814)-541-XXXX]. That same afternoon, Officer Turnbull used
> two other cell[ular tele]phones and, posing as fictitious 16- and
> 15-year-old sisters, initiated text [message] conversations with
> the above [tele]phone number[.] The text [message]
> conversations spanned approximately 35 hours, and the officer
> described them as "[e]xtremely sexual."
>
> Eventually, "Adam" and the two girls agreed to meet at a
> particular location around midnight on the night of January 7,
> 2017. Close to the meeting time, Officer Turnbull received a

[text] message on the "[15-year-old] girl's" line that stated, "Answer," and immediately thereafter, a call came from a different [tele]phone number with an Ohio area code. The officer let this call go to voicemail, but a second [tele]phone call "immediately" came, and Officer Turnbull answered it, masking his voice to sound like a girl and stating [he was] on [his] way to meet [the caller].

Officer Turnbull then alerted Officer Justin Miller, who was positioned in his patrol car to stop the suspect. Officer Miller stopped the suspected vehicle and detained Appellant, who was the driver and sole occupant. Officer Turnbull, along with Officer Mark Humes, arrived three to four minutes later. According to Officer Turnbull, Appellant made incriminating statements. Two cell[ular tele]phones were in plain view in the rear of Appellant's vehicle. Officer Turnbull used his [cellular tele]phone to call both the [(814)-541-XXXX] number and the Ohio area-code [tele]phone number, upon which both [cellular tele]phones in Appellant's vehicle "lit up." Appellant was transported to the police station, where he admitted he was on his way to meet and have sexual relations with two minor girls.

Following a jury trial on October 19, 2017, Appellant was found guilty of attempt to commit statutory sexual assault, unlawful contact with a minor/sexual abuse of children, criminal solicitation/child pornography, criminal use of a communication facility, and two counts of attempt to commit corruption of minors. On February 7, 2018, the trial court imposed an aggregate sentence of 10 to 20 years' imprisonment.

Appellant took a direct appeal, and on October 30, 2019, this Court affirmed [Appellant's] judgment of sentence. [*See Commonwealth v. Tokarcik*, 2019 WL 5595843 (Pa. Super. 2019) (non-precedential decision)]. On May 13, 2020, the Pennsylvania Supreme Court denied his petition for allowance of appeal. [*See Commonwealth v. Tokarcik*, 233 A.3d 678 (Pa. 2020)].

In June of 2020, Appellant filed a *pro se* timely, first PCRA petition. Subsequently appointed counsel, however, filed a petition to withdraw from representation. The PCRA court granted this [request] and dismissed Appellant's PCRA petition. Appellant timely appealed to this Court, which affirmed on March 11, 2022. Appellant then filed a[n unsuccessful] petition for allowance of appeal[.] *See Commonwealth v. Tokarcik*,

[2022 WL 729346, *1 (Pa. Super. 2022) (non-precedential decision)], *appeal denied*, [288 A.3d 492 (Pa. 2022)].

\*\*\*

Meanwhile, in July of 2020 (one month after the filing of his first PCRA petition), Appellant filed a motion for return of the two cell[ular tele]phones recovered from his vehicle. The court held a hearing on March 23, 2022, at which Officer Turnbull purportedly testified. … In any event, the trial court granted Appellant's request in part, allowing for the return of the [cellular tele]phone bearing an Ohio area code. The court considered that "someone — presumably [Appellant] — had used" this [cellular tele]phone to call Officer Turnbull's [cellular tele]phone earlier that night, but when the officer answered it, Appellant addressed the officer by his first name, Andrew. The court concluded this [cellular tele]phone did not bear a link to criminal activity. However, the court ordered the cell[ular tele]phone, with the [(814)-541-XXXX ] number, to be destroyed, reasoning it was used to send the messages to the girls.

[Thereafter,] on October 24, 2022, Appellant filed [another] *pro se* PCRA petition[, his second. … In his second PCRA petition, Appellant initially] alleged that at the March 23, 2022, hearing on his petition for the return of property, Officer Turnbull testified Appellant "did not do anything illegal with his cellular telephone[,]" and this statement contradicted the officer's trial testimony. Appellant concluded this "changed testimony" established that he did not commit the crimes.

\*\*\*

[In addition,] on December 7, 2022, Appellant filed a *pro se* "Addendum" to his [most recent] PCRA petition, citing additional documentation that [allegedly proved] Officer Turnbull's trial testimony was false. … In the PCRA petition addendum, Appellant claimed that on October 14, 2022, he received a letter from the Brookville Municipal Authority — attached to the addendum — which he interpreted [to contradict Officer Turnbull's trial testimony].

On December 12, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing, reasoning the petition was untimely filed under the PCRA's filing requirements. Appellant filed a *pro se* response on January 6,

2023. On January 12[, 2023,] the PCRA court dismissed the petition. [This Court subsequently affirmed the PCRA court's January 12, 2023 order on December 8, 2023. ***See Commonwealth v. Tokarcik***, 2023 WL 8525141 *1 (Pa. Super. 2023) (non-precedential decision). Thereafter, Appellant filed a petition for allowance of appeal to our Supreme Court, which it denied on September 17, 2024. ***See Commonwealth v. Tokarcik***, 326 A.3d 397 (Pa. 2024)].

***Tokarcik***, 2023 WL 8525141 at *1-*4 (internal citations and footnotes omitted).

On October 17, 2024, Appellant filed the underlying PCRA petition, his third. In his petition, Appellant claimed that he recently learned that Officer Turnbull testified falsely during his criminal trial. In addition, Appellant alleged that he discovered evidence indicating that the cellular telephone with the telephone number (814)-541-XXXX was "not, and never was registered to [Appellant]." Appellant's *Pro Se* PCRA Petition, 10/17/24, at 3 (emphasis omitted). Instead, Appellant alleged that the cellular telephone's Subscriber Identity Module (SIM) card was registered to "Pamala Vaux." ***Id.*** Based upon the foregoing, Appellant claimed that he was entitled to collateral relief.

On October 22, 2024, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 stating that it planned to dismiss Appellant's PCRA petition without a hearing. Thereafter, on December 6, 2024, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.[1]

---

[1] On January 23, 2024, Appellant filed another PCRA petition requesting leave to file a notice of appeal *nunc pro tunc*. Appellant claimed that the clerk of court failed to notify him that the PCRA court dismissed his October 17, 2024
*(Footnote Continued Next Page)*

Appellant raises the following issue for our consideration:

> Did the [PCRA] court err[] in dismissing Appellant's [PCRA] petition[] as untimely[?]

Appellant's Brief at 2 (unnecessary capitalization omitted).

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review,

_____

PCRA petition until the 30-day time limit to appeal expired. ***See*** Pa.R.A.P. 903(a); ***see also*** Appellant's PCRA Petition, 1/23/25, at 1. The PCRA court granted Appellant *nunc pro tunc* relief on January 24, 2025. On February 20, 2025, Appellant filed a timely notice of appeal. Thereafter, on February 27, 2025, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal within 30 days. ***See*** Pa.R.A.P. 1925(b). After securing an extension, Appellant timely complied.

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).  Appellant's judgment of sentence became final on October 12, 2020, when the time for filing a writ of *certiorari* with the United States Supreme Court expired.[2]  ***See id.***; ***see also*** 1 Pa.C.S.A. § 1908 (explaining that, whenever the last day of any period of time in which to take action "shall fall on Saturday or Sunday, or on any day made a legal

---

[2]  It is well-settled that a PCRA petition must be filed within one year of the date the judgment becomes final.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  In general, a litigant only has 90 days after the Pennsylvania Supreme Court denies allocatur to file a petition for writ of *certiorari* in the United States Supreme Court.  ***See*** U.S. Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for a writ of *certiorari* to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").  On March 19, 2020, however, the United States Supreme Court extended the time for filing a petition for writ of *certiorari* from 90 days to 150 days due to the COVID-19 pandemic.  ***See*** U.S. Sup. Ct. Misc. Order 589 (Mar. 19, 2020). Then, on July 19, 2021, the United States Supreme Court continued the extended deadline to file a petition for writ of *certiorari* but only for "order[s] denying discretionary review . . . issued prior to July 19, 2021."  ***See*** U.S. Sup. Ct. Misc. Order 594 (Jul. 19, 2021) ("[I]n any case in which the relevant lower court judgment . . . was issued prior to July 19, 2021, the deadline to file a petition for a writ of *certiorari* remains extended to 150 days from the date of that judgment or order.  In any case in which the relevant lower court judgment ... was issued on or after July 19, 2021, the deadline to file a petition for a writ of *certiorari* is as provided by Rule 13.").  Here, our Supreme Court denied Appellant's petition for allowance of appeal on May 13, 2020. Hence, according to U.S. Sup. Ct. Misc. Order 594, Appellant had 150 days, not 90 days, to file a petition for writ of *certiorari* in the United States Supreme Court.

holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). Appellant, however, did not file the current PCRA petition until October 17, 2024, more than four years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant argues that he satisfied both the newly-discovered fact and governmental interference exceptions to the PCRA time-bar. First, Appellant argues that he recently discovered that Officer Turnbull testified falsely at his trial. Appellant contends that, in 2022, he received a letter from Brookville Borough Manager, Dana D. Rooney, negating Officer Turnbull's

testimony that the patrol car's Mobile Video Recorder ("MVR"), which documented the interaction with Appellant on January 7, 2017, was lost due to a server crash, as well as Officer Turnbull's testimony that the police station did not have recording equipment. Appellant's Brief at 11-14. Second, Appellant claims that, at the March 23, 2022 return of property hearing, Officer Turnbull recanted his trial testimony that Appellant "was committing criminal acts[] . . . when [Officer] Turnbull received a [telephone call from the telephone number with an Ohio] area code." *Id.* at 14. Finally, Appellant alleges that, after he received his case file, Appellant discovered a report that indicated that the SIM card for the telephone number (814)-541-XXXX was registered to "Pamala Vaux." *Id.* at 10. In addition, Appellant contends that the Commonwealth was aware of the aforementioned facts and failed to disclose this information to Appellant and, in so doing, violated *Brady v. Maryland*, 373 U.S. 83 (1963).

This Court previously explained the newly-discovered fact exception as follows:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

In addition, our Supreme Court stated the following when discussing the governmental interference exception:

> Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (most internal citations omitted).

Appellant's efforts to invoke the new facts and governmental interference exceptions fail. First, as recognized by the PCRA court, Appellant raised the exact claims against Officer Turnbull's testimony in his second PCRA petition. **See Tokarcik**, 2023 WL 8525141 at *4-*5 (explaining that Appellant set forth the following "newly discovered facts" on appeal to overcome the PCRA time-bar: (1) Appellant recently received letters "from the Brookville Borough" which "controverted Officer Turnbull's trial testimony that a server crash prevented a download of the patrol vehicle's MVR video[] and that the police station did not have recording equipment;" and (2) Officer Turnbull's "new testimony" during the return of property hearing "proved . . . [that] Appellant did not commit the criminal acts as [the officer] previously d[e]scribed at trial."); **see also** PCRA Court's 907 Notice, 10/22/24, at 2 (indicating that Appellant's claims regarding Officer Turnbull's testimony were raised in his prior petition). Thus, the PCRA court, as well as this Court, already addressed Appellant's claims, thereby defeating Appellant's

contention that the alleged newly-discovered facts regarding Officer Turnbull's trial testimony invoked an exception to the PCRA's one-year time bar.

Second, we reject Appellant's contention that his recent acquisition of evidence from his case file regarding the registration of the cellular telephone with the number (814)-541-XXXX satisfied the newly-discovered fact and governmental interference exceptions under Section § 9545(b)(1)(i) and (ii). The PCRA court astutely recognized:

> [Appellant] articulates that he only recently learned about an investigative report reported in March of 2017 indicating that the cell[ular tele]phone from which he texted "Sam" and "Jamie" was not registered to him, but to an individual named Pamala Vaux. The Commonwealth [allegedly] withheld this information in violation of **Brady**, he says, and was only able to secure [a] conviction by misinforming the jury that the [cellular tele]phone was registered in his name. He ignores, of course, that the [cellular tele]phone, regardless of the name in which it was registered, was found in his possession – in the vehicle he alone was occupying – when he arrived in Brookville to consummate the sexual tryst he had been planning with his fictitious name. The tenability of this claim is irrelevant though because the facts upon which it rests do not satisfy [Section] 9545(b)(1)(ii)'s requirements[.]
>
> [Even if we were to assume that the predicate facts were unknown to Appellant until] recently, clearly, [Appellant] could have ascertained the proffered facts long ago. He wrote in his petition, "[] Appellant aver[red] from the outset of this case that telephone number [(814)-541-XXXX was] **not**, and **never** was, registered to him," which begs the question[:] Why, then, when he knew he was the one to whom the Commonwealth was ascribing ownership, did he not request or subpoena these purportedly exculpatory records years ago? His own declaration stands as incontrovertible evidence not only that he could have discovered the alleged facts long before he did, but [he also was aware] that potentially exculpatory records were available to utilize in his trial defense. Nonetheless, [Appellant] chose not to make the necessary inquiries before the PCRA's one-year

[requirement] expired, and because [Section] 9545(b)(1)(i) and [Section 9545(b)(1)(ii)] demand that the claimant could not have sooner obtained the proffered facts through the exercise of reasonable diligence, his alleged ignorance does not allow him to now take advantage of the "newly discovered facts" exception[.]

PCRA Court 907 Notice, 10/22/24, at 1-2 (emphasis in original). We agree with the PCRA court's conclusion that, in failing to pursue such exculpatory evidence, Appellant did not satisfy Section 9545(b)(1)(i) and (ii)'s due diligence requirement. We therefore affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/08/2025